Justice Scalia,
dissenting.
I join the principal dissent, that of Justice Thomas, except for Part I-B.
The fraud-on-the-market rule says that purchase or sale of a security in a well functioning market establishes reliance on a material misrepresentation known to the market. This rule is to be found nowhere in the United States Code or in the common law of fraud or deception; it was invented by the Court in Basic Inc. v. Levinson, 485 U. S. 224 (1988). Today’s Court applies to that rule the principles of Federal Rule of Civil Procedure 23(b)(3), and thereby concludes (logically enough) that commonality is established at the certification stage even when materiality has not been shown. That would be a correct procedure if Basic meant the rule it announced to govern only the question of substantive liability—what must be shown in order to prevail. If that were so, the new substantive rule, like the more general substantive rule that reliance must be proved, would be subject, at the certification stage, to the commonality analysis of Rule 23(b)(3). In my view, however, the Basic rule of fraud on the market—a well functioning market plus purchase or sale in the market plus material misrepresentation known to the market establishes a necessary showing of reliance—governs not only the question of substantive liability, but also the question whether certification is proper. All of the elements of that rule, including materiality, must be established if and when it is relied upon to justify certification. The answer to the question before us today is to be found not in Rule 23(b)(3), but in the opinion of Basic.
Basic established a presumption that the misrepresentation was relied upon, not a mere presumption that the plaintiffs relied on the market price. And it established that pre *484 sumption not just for the question of substantive liability but also for the question of certification. “We granted certiorari ... to determine whether the courts below properly applied a presumption of reliance in certifying the class, rather than requiring each class member to show direct reliance on Basic’s statements.” 485 U. S., at 230 (emphasis added). Of course it makes no sense to “presume reliance” on the misrepresentation merely because the plaintiff relied on the market price, unless the alleged misrepresentation would likely have affected the market price—that is, unless it was material. Thus, as Justice Thomas’ dissent shows, the Basic opinion is shot through with references to the necessary materiality. The presumption of reliance does not apply, and hence neither substantive liability will attach nor will certification be proper, unless materiality is shown. The necessity of materiality for certification is demonstrated by the last sentence of the Basic opinion, which comes after the Court has decided to remand the case for reconsideration of materiality under the appropriate legal standard: “The District Court’s certification of the class here was appropriate when made but is subject on remand to such adjustment, if any, as developing circumstances demand.” Id., at 250. Those circumstances are the establishment of facts that rebut the presumption, including of facts that show the misrepresentation was not material, or was not known to the market.
The Court argues that if materiality were a predicate to certification on a fraud-on-the-market theory, the Basic Court would not have approved the class certification order while remanding for reconsideration of “whether the plaintiffs had mustered sufficient evidence to satisfy the relatively lenient standard for avoiding summary judgment.” Ante, at 480. The Court manufactures an inconsistency on the basis of doctrine that did not govern class certification at the time of Basic. We recently clarified that “Rule 23 does not set forth a mere pleading standard.” Wal-Mart Stores, Inc. *485 v. Dukes, 564 U. S. 338, 350 (2011). But review of the Basic certification order shows that the District Court’s fraud-on-the-market analysis was based exclusively on the pleadings: “[T]he allegations of plaintiff s’ complaint are sufficient to bring this section 10(b) and Rule 10(b)(5) claim within the so-called ‘fraud on the market’ theory.” App. to Pet. for Cert, in Basic Inc. v. Levinson, O. T. 1987, No. 86-279, p. 115a (emphasis added); see also ibid, (citing complaint paragraphs as establishing fraud on the market). Under a pleadings standard, the District Court found that the plaintiffs had satisfied Rule 23(b)(3) with regard to fraud on the market, including its materiality predicate. See id., at 133a (denial of reconsideration) (“This court ruled on December 10 that transaction causation [i. e., reliance] could be established by the following: proof of a material misrepresentation which affected the market price of the stocks with a resulting injury to the plaintiffs” (emphasis added)). Thus, even if the plaintiffs sufficiently pleaded materiality that the certification order “was appropriate when made,” Basic, supra, at 250, the defendants retained an opportunity on remand to rebut the pleading in order to defeat certification.*
Certification of the class is often, if not usually, the prelude to a substantial settlement by the defendant because the costs and risks of litigating further are so high. It does an injustice to the Basic Court to presume without clear evidence—and indeed in the face of language to the contrary— that it was establishing a regime in which not only those market class-action suits that have earned the presumption of reliance pass beyond the crucial certification stage, but all market-purchase and market-sale class-action suits do so, no *486 matter what the alleged misrepresentation. The opinion need not be read this way, and it should not.
The fraud-on-the-market theory approved by Basic envisions a demonstration of materiality not just for substantive recovery but for certification. Today’s holding does not merely accept what some consider the regrettable consequences of the four-justice opinion in Basic; it expands those consequences from the arguably regrettable to the unquestionably disastrous.

As for the Court’s contention that I have “[s]cour[ed] the Court’s decision in Basic” to find “some semblance of support” for my reading of the case, ante, at 479, n. 9: It does not take much scouring to come across the Court’s opening statement that “[w]e granted certiorari... to determine whether the courts below properly applied a presumption of reliance in certifying the class.” 485 U. S., at 230 (emphasis added).